1

2

3

**FILED**
CLERK, U.S. DISTRICT COURT

8/2/2023

4

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                      October 2022 Grand Jury

11   UNITED STATES OF AMERICA,          CR 2:23-cr-00376-SB

12            Plaintiff,                I N D I C T M E N T

13            v.                        [21 U.S.C. §§ 841(a)(1),
                                        (b)(1)(A)(vi): Possession with
14   CHARLES DITTO,                     Intent to Distribute Fentanyl
                                        Analogue; 18 U.S.C. § 922(g)(1):
15            Defendant.                Felon in Possession of Ammunition;
                                        21 U.S.C. § 853, 18 U.S.C.
16                                      § 924(d)(1), and 28 U.S.C.
                                        § 2461(c): Criminal Forfeiture]

17

18

19        The Grand Jury charges:

20                            COUNT ONE

21                [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

22        On or about May 11, 2022, in Los Angeles County, within the

23   Central District of California, defendant CHARLES DITTO knowingly and

24   intentionally possessed with intent to distribute at least 100 grams,

25   that is, approximately 748 grams, of a mixture and substance

26   containing a detectable amount of 4-anilino-N-phenethyl-4-piperidin

27   ("4-ANPP"), an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-

28

piperidinyl] propenamide ("fentanyl"), and a Schedule II narcotic drug controlled substance.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about May 11, 2022, in Los Angeles County, within the Central District of California, defendant CHARLES DITTO knowingly possessed the following ammunition in and affecting interstate and foreign commerce: 75 rounds of Fiocchi .40 caliber ammunition; 50 rounds of Winchester .40 caliber ammunition; 25 rounds of Starline Brass .40 caliber ammunition; 20 rounds of Ammo Incorporated .40 caliber ammunition; 20 rounds of Federal Cartridge .40 caliber ammunition; 50 rounds of Winchester 9mm caliber ammunition; and 20 rounds of Federal Cartridge 9mm ammunition.

Defendant DITTO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number SA019745, on or about November 14, 1994.

2.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number LA039082, on or about November 8, 2002.

3.    Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA271420, on or about January 12, 2005.

4.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior

3

Court for the State of California, County of Los Angeles, Case Number LA064726, on or about April 27, 2010.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        _____/S/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MORGAN J. COHEN
Assistant United States Attorney
Major Frauds Section